No. 3644.

(Court of Appeal, Parish of Orleans.)

INTERSTATE ELECTRIC CO. vs. MAURICE FEITEL.

Appeal from Civil District Court, Division "D."

Gus. Lemle and l. R. Saal, for Plaintiff and Appellee.

Armand Romain, for Defendant and Appellant.

Issue of fact only is involved herein.

MOORE, J.  The plaintiff corporation was the owner of a certain lot of ground, situated in the City of New Orleans, with improvements thereon.  Desiring the demolition of the buildings on the property and the cleaning of the lot so as to fit it for re-building thereon, a contract was entered into with the defendant under the terms of which defendant was to pay plaintiff $185.00 in cash; demolish at his own expense the buildings; remove all materials, debris and rubbish from the premises; take out all old footings of the walls demolished; leave the lot clean and level with the sidewalks grade and finally to fully complete his engagement within fifteen working days from the time he is put in possession of the premises, to-wit: from the 17th of March.

Up to the 16th of April, 1904, defendant had not yet complied with his contract, in that he had not removed all materials, debris and rubbish from the premises and had not left the lot clean and level with the present sidewalk grade.  In this condition of the lot the work of rebuilding was impossible.  The contractor to whom the work of rebuilding had been given being unable to take any steps looking to the execution of his contract, complained to the architects under whose supervision the new structures were to be erected, who in turn made a written demand on the defendant to comply with his contract, giving him until the morning of the 19th of April for that purpose and advising him that if by that time the lot was not in a proper condition for the builders to take posses-

213

sion, they, the architects, would employ the necessary labor and carts to do the work at the expense of defendant. Two days after the receipt of this notice defendant put one cart to work removing the debris. His attention was called to the fact that the work could not be done with one cart so as to have the lot ready by the next morning. He protested that it was impossible to hire any additional carts; and the next morning (March 19th) he wrote the architects that he had "finished the job." The evidence is conclusive that he had not "finished the job," at least not to the satisfaction of the stipulations of his contract. As testified to by the general contractor, the lot on that day was "full of old bricks, brick bats heaped up like a monument in the center; like it came from both sidewalks in a hill in the center. They had thrown the brick bats on the schillinger pavement, hiding the old artificial stone pavement underneath."

The debris covered the lot at an average of 12 inches above the side-walk grade and would have taken, perhaps, weeks to remove at the rate in which the work was being done by defendant. On the morning of the 19th of March, plaintiff contracted with another party to remove the debris, who at once put to work sixteen carts; defendant also having on that day 5 or 6 carts at work. In due time the lot was cleaned and made ready for the builders. The cost of this extra labor is $132.60, which together with the sum of $185.00, the stipulated amount to be paid by defendant to plaintiff for the materials of the old buildings, constitute the cause of action.

The judgment below was for the full amount thus claimed.

In our opinion, as it was that of the trial judge, defendant had completely failed in his contract and plaintiff was hence fully warranted in employing the extra force to do the work at defendant's costs.

The judgment appealed from is affirmed.

April 3rd, 1905.

Rehearing refused April 19th, 1905.
Notice of intention to apply for writ.